**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MAY 2 7 2003

DAVID J. MALAND, CLERK

BY
DEPUTY _Joya M°Ewen_

| | | |
|---|---|---|
| JOSEPH GORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:03CV 208 |
| | § | JURY |
| CITY OF PLANO and | § | |
| WILLIAM PETERSON, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendants City of Plano ("Plano") and William Peterson ("Peterson") (collectively, "Defendants"), by and through their attorneys of record, for the sole purpose of removing this action to the United States District Court for the Eastern District of Texas, Sherman Division, state:

1.  **State Court Action.** On April 21, 2003, Plaintiff Joseph Gorman ("Plaintiff") filed this action against Defendants in the 219th Judicial District Court of Collin County, Texas (the "State Court"), being numbered 219-01129-03 on the State Court docket. Plaintiff seeks to recover from Defendants for denial of due process and equal protection, as well as for retaliation and negligent supervision. Plaintiff seeks an award of exemplary damages and has demanded a jury.

---

2.    **Original Jurisdiction.** This action is removable under 28 U.S.C. § 1441. Plaintiff pleads as his first cause of action "Denial of Due Process and Equal Protection." Specifically, Plaintiff alleges that "[d]ue to the failure to [sic] of Defendants to adhere to Texas law[,] Mr. Gorman has been denied due process and equal protection under the law in the termination of his employment without just cause."

An alleged violation of due process and equal protection by a state actor is a claim arising under the Constitution of the United States. Congress has provided a remedy at 42 U.S.C. § 1983. Accordingly, this Court has jurisdiction of this claim, "arising under" the Constitution and laws of the United States pursuant to 28 U.S.C. § 1331. John Corp. v. City of Houston, 214 F.3d 573 (5th Cir. [Tex.] 2000) (claim alleging violation of equal protection and due process, even without specifically-pled reference to 14th Amendment, confers subject-matter jurisdiction).

Plaintiff's other claims, for negligent supervision and retaliation, are so related to the federal claim over which this Court has original jurisdiction that they form part of the same "case or controversy" as contemplated at 28 U.S.C. § 1367(a). Accordingly, this Court has supplemental jurisdiction over these claims.

3.    **Timeliness.** Defendants received notice of the pendency of this action on May 7, 2003, a date less than thirty days ago, when both Plano and Peterson were served with

Plaintiff's First Amended Petition.[1]  Pursuant to 28 U.S.C. § 1446(b), then, Defendants' removal is timely.

4.    **All Defendants Join.**  As required under 28 U.S.C. § 1446(a), each of the served Defendants joins in this removal.

5.    **Venue.**  According to the First Amended Petition, "all or a substantial part of the events or omissions giving rise to this lawsuit occurred in" Collin County, a county within the geographic boundaries of the Eastern District of Texas.  Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

6.    **State Court Documents Attached.**  Attached hereto as Exhibit 1 are copies of all process, pleadings, and orders served on Defendants in the State Court action, as well as a certified copy of the State Court docket sheet.  Additionally, Defendants have paid the $150.00 filing fee.  Filed simultaneously herewith is a Civil Cover Sheet, a Supplemental Civil Cover Sheet, a Disclosure of Interested Parties, and an Index of State Court Matters.

WHEREFORE, Defendants pray that the United States District Court for the Eastern District of Texas, Sherman Division, accept this Notice of Removal, that it assume jurisdiction of this action, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

---

[1]Plaintiff initiated this action by _filing_ an "Original Petition" on April 21, 2003.  Neither Plano nor Peterson was served with this paper and, as indicated, neither Defendant received service of process of any sort until May 7, 2003, when each was served with the First Amended Petition.

NOTICE OF REMOVAL                                                                 PAGE 3

Respectfully submitted,

**FIGARI DAVENPORT & GRAVES, L.L.P.**

By: _____
    Parker D. Young
    State Bar No. 22204050
    John M. Barcus
    State Bar No.  24036185

3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
TEL: 214-939-2000
FAX: 214-939-2090

**ATTORNEYS FOR CITY OF PLANO and
WILLIAM PETERSON**

## CERTIFICATE OF SERVICE

On the 23rd day of May, 2003, the foregoing instrument was sent by certified mail, return receipt requested, to David D. Davis, Dippel & Davis, PLLC, 12201 Merit Drive, Suite 230, Dallas, Texas 75251, attorney for Plaintiff Joseph Gorman.

_____
John M. Barcus

---

**NOTICE OF REMOVAL**                                                    **PAGE 4**

# EXHIBIT 1

# CIVIL DOCKET

| Number Of Case | NAMES OF PARTIES | ATTORNEYS | Kind of Action |
|---|---|---|---|
| 219-01129-03 | JOSEPH A GORMAN | DAVID DAVIS | OTHER CIVIL CASES |
| | | 12201 MERIT DRIVE, STE. 230 | |
| DATE OF FILING | VS. | Plaintiff | |
| Month|Day|Year | | DALLAS, TX 75251 972-866-9900 F: 972-866-9902 | |
| 04 | 21 | 03 | CITY OF PLANO AND WILLIAM PETERSON | | |
| Jury Fee: | | | |
| Paid by: | | Defendant | |

| DATE OF ORDERS | ORDERS OF COURT | PROCESS |
|---|---|---|
| Month|Day|Year | | |
| 5 | 7 | 03 | *Civil Original Petition Process Server* | |

STATE OF TEXAS
COUNTY OF COLLIN

I, Hannah Kunkle, District Clerk in and for Collin County Texas, do
hereby certify that the above and foregoing is a true and correct copy
of the _____ in Cause No. _219-01129-03_ as the same appears on file in the
District Court, Collin County, Texas, Witness my hand and seal of said
Court, this the _22nd_ day of _May_ A.D. 20_03_

HANNAH KUNKLE, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY

DISTRICT COURT ★ SEAL ★ OF COLLIN COUNTY

CAUSE NO.: 219-01129-03    **ORIGINAL**

| | | |
|---|---|---|
| JOSEPH A. GORMAN, | § | IN THE 219 DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | JUDICIAL DISTRICT COURT |
| | § | |
| CITY OF PLANO and WILLIAM | § | |
| PETERSON, | § | |
| DEFENDANTS | § | OF COLLIN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES JOSEPH A. GORMAN, *Plaintiff*, complaining of and about the CITY OF

PLANO, *Defendant*, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.   Plaintiff, Joseph A. Gorman ("hereinafter "Mr. Gorman") affirmatively pleads that he seeks

monetary relief of not more than $500,000.00 **exclusive** of any exemplary damages, costs, pre-

judgment interest and attorney fees. Plaintiff proposes to conduct discovery under Discovery Level

3.

### PARTIES AND SERVICE

2.   Mr. Gorman is a divorced father who at all times relevant herein was an employee of Defendant

City of Plano and is a resident of the Kingdom of Saudi Arabia.

3.   Defendant City of Plano is, and at all times relevant herein was, a City incorporated under the

laws of the State of Texas.  Service of process may be had on the City Secretary, with a mailing

address of P.O. Box 860358, Plano, Texas, 75086-0258.  Issuance of a Citation **IS** requested at this

time.

2003 APR 21  PM 1: 41

**Plaintiff's Original Petition**


HANNAH BOBLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY

**Page 1**

4.      Defendant William Peterson is, and at all times relevant herein was, an individual employed by the City of Plano Fire Department as the Fire Chief.  Service of process may be had through the City Secretary, with a mailing address of P.O. Box 860358, Plano, Texas, 75086-0258. .  Issuance of Citation and Service of the same **IS NOT** requested at this time.

## JURISDICTION AND VENUE

5.   The subject matter in controversy is within the jurisdictional limits of this Court.

6.   This Court has jurisdiction over the parties because Defendant is a Texas entity.

7.   Venue in Collin County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this County.

## FACTS

8. Mr. Gorman was employed by Defendant City of Plano on or about March, 1999, as Fire Marshall in the Plano Fire Department.  Mr. Gorman was hired based upon his competitive testing and satisfaction of stated employment criteria.

9. Prior to Mr. Gorman's hiring, the City of Plano adopted a civil service system for the City fire fighters as permitted under Chapter 143, Texas Local Government Code.  A fire fighter in a municipality that has adopted a civil service system is protected by the same civil service system. The stated purpose of the civil Service Act is: "to secure efficient fire … departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants."  TEX. LOCAL GOV'T CODE ANN. § 143.001 (Vernon 1999).

10.  On or about March 12 and 13, 2001, The Texas Commission on Fire Protection conducted a

**Plaintiff's Original Petition**                                                                          **Page 2**

compliance inspection of the Plano Fire Department. Among the issues identified for correction, was one stating that Mr. Gorman was not certified to occupy the position as Fire Marshall. As a result of this inspection report, the Fire Chief, William Peterson, summarily terminated Mr. Gorman. Upon appeal to the City Manager, Thomas Muehlenbeck, the termination was upheld despite testimony by Mr. Gorman that the termination was of a retaliatory nature and supported by published statements by the Fire Chief.

11.    At the appeal with the City Manager, the issue was raised of Mr. Gorman's being a "classified" firefighter while occupying a "civilian" position, and therefore entitled to civil service protection. Mr. Gorman was informed that there would be no appeal to a civil service board, and that the City Manager's decision would be final. A point reiterated in writing upon Mr. Gorman's request in writing to appeal the City Manager's decision to the civil service board.

12.    Upon information and belief, Mr. Gorman was entitled to civil service benefits and protection. Further, Mr. Gorman will establish that his summary termination was motivated by the personal rancor of the Fire Chief, William Peterson, were arbitrary and capricious, and retaliatory for Mr. Gorman's equitable and fair enforcement of state and local fire codes and regulations.

13.    Mr. Gorman will also establish that the failure to ensure compliance with State and Local certifications was due to the failure of the Fire Chief's administrative staff to comply with internal procedures and policies, resulting in not only Mr. Gorman, but approximately nine other Plano Fire Department personnel's certification not being properly documented for the positions held and not in compliance at the time of the inspection.

14.    The actions by the Fire Chief and City Manager, acting in concert, served to deny Mr. Gorman his Constitutional rights to substantive and procedural due process, and other rights as

**Plaintiff's Original Petition**                                                        **Page 3**

provided by statute.

15.    As a result of his summary termination, Mr. Gorman's professional reputation has been and continues to be harmed.  He has suffered extreme mental anguish and emotional distress.  Mr. Gorman has been denied opportunities for comparable employment within the United States.  He was subsequently forced to accept employment abroad, at great personal risk and suffering the loss of familial ties in the process.

## FIRST CAUSE OF ACTION

### Against the City of Plano and William Peterson

### Damages Arising from Failure to Adhere to State Law.

16.    Mr. Gorman incorporates by reference all factual allegations of paragraphs 7 through 15 above as though fully set forth at length herein.

17.    Defendants City of Plano and William Peterson failed to adhere to Chapter 143 of the Texas Local Government Code to the detriment of Mr. Gorman.  Due to the Defendants negligence, Mr. Gorman suffered pecuniary damages, in the difference in rates of pay between what he should have made as a civil service employee and realized as a civilian, and in the loss of his employment with the Plano Fire Department.

## SECOND CAUSE OF ACTION

### Retaliation

18.    Mr. Gorman re-alleges and incorporates herein by reference the allegations contained in paragraphs 7 through 17 as though fully set forth at length herein.

19.    Upon information and belief, Mr. Gorman loss of employment was a result of Defendant William Peterson's retaliation for several events which occurred in the preceding year.  One of these

**Plaintiff's Original Petition**                                                      **Page 4**

events was included in an article written by Defendant William Peterson, reflecting improper use of his authority over Mr. Gorman to obtain a permit for his personal residence. Defendant William Peterson's actions were motivated by other than professional concerns and as a result, Mr. Gorman suffered pecuniary damages, mental anguish, and emotional distress.

**THIRD CAUSE OF ACTION**

**Negligent Supervision by Defendants City of Plano and William Peterson**

20.    Mr. Gorman repeats and re-alleges by reference each and every allegation contained in Paragraphs 7 through 19 and incorporates the same herein as though fully set forth.

21.    Defendant William Peterson contends as part of his basis for terminating that Mr. Gorman, that he had not complied with any certification requirements as may have been required. To the extent that there was an obligation to be further certified, any such failure is that of Defendants, in failing to ensure City of Plano employees observed City policies and procedures in ensuring fire fighters and Fire Department civilian employees maintained their qualifications. As a result of Defendants' inactions and nonfeasance, Mr. Gorman has suffered damages.

**REQUEST FOR TRIAL BY JURY**

22.    Plaintiff requests that this matter be set for trial by jury at a future date, permitting discovery to be completed in a reasonable time frame, but no sooner than 15 (fifteen) months from the date of filing of this Original Petition.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered in his favor, and that he be awarded damages Defendants as follows:

    a.  General and compensatory damages, including prejudgment interest, in an amount

**Plaintiff's Original Petition**                    **Page 5**

according to proof at trial;

      b.      Compensation for humiliation, mental anguish and emotional distress;

      c.      Compensation for his disparagement and loss of professional standings in the community;

      d.      Past and future lost earnings;

      e.      Punitive damages in an amount according to proof at trial;

      f.      Reasonable attorney's fees and costs of suit; and that

      g.      He be awarded such other and further relief as the Court deems just and proper.

Plaintiff further prays for such other and further relief, at law or in equity, to which he may be justly entitled or as may be proper.

David D. Davis
State Bar No.  00790568

Attorney for Plaintiff

DIPPEL & DAVIS, PLLC
12201 Merit Dr., Ste. 230
Dallas, Texas 75251
972.866.9900 (voice)
972.866.9902 (telecopier)

**Plaintiff's Original Petition**                                        **Page 6**

# DIPPEL & DAVIS, PLLC
### ATTORNEYS AND COUNSELORS AT LAW

WILLIAM KENNETH C. DIPPEL
BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

DAVID D. DAVIS

12201 MERIT DRIVE
SUITE 230
DALLAS, TEXAS 75251
PHONE: 972.866.9900
FAX:     972.866.9902

April 21, 2003

Collin County District Clerk
Collin County Government Center
210 S. McDonald
McKinney, Texas 75069

   RE: *Civil Action No.: New Filing*
      *Joseph A. Gorman vs. City Of Plano and*
      *William Peterson*

Dear Clerk:

  Enclosed please find the original and (4) copies of Plaintiff's Original Petition for filing.  The firm's check, in the amount of $189.00, is enclosed to satisfy the filing fee and issuance of one citation to the Defendant, City of Plano.

  Please return three (3) file-stamped copies of the petitions, along with the one citation for the City of Plano, in the enclosed self-addressed and stamped envelope that I have provided.  Do not hesitate to call me, if you have any questions.

  Thank you for your kind assistance.

        Sincerely,

        Lea Singleton
        Legal Assistant to David Davis

Enclosures

FILED

2003 APR 21  PM 1: 42

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

**ORIGINAL**

CAUSE NO.: 219-01129-03

| | | |
|---|---|---|
| JOSEPH A. GORMAN, | § | IN THE 219th DISTRICT COURT |
|       PLAINTIFF | § | |
| | § | |
| v. | § | JUDICIAL DISTRICT COURT |
| | § | |
| CITY OF PLANO and WILLIAM | § | |
| PETERSON, | § | |
|       DEFENDANTS | § | OF COLLIN COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

NOW COMES JOSEPH A. GORMAN, *Plaintiff,* complaining of and about the CITY OF

PLANO, *Defendant,* and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff, Joseph A. Gorman ("hereinafter "Mr. Gorman") affirmatively pleads that he seeks

monetary relief of not more than $500,000.00 **exclusive** of any exemplary damages, costs, pre-and

post-judgment interest and attorney fees. Plaintiff proposes to conduct discovery under Discovery

Level 3.

### PARTIES AND SERVICE

2. Mr. Gorman is a divorced father who at all times relevant herein was an employee of Defendant

City of Plano and is a resident of the Kingdom of Saudi Arabia.

3. Defendant City of Plano is, and at all times relevant herein was, a City incorporated under the

laws of the State of Texas. Service of process may be had on the City Secretary, with a mailing

address of P.O. Box 860358, Plano, Texas, 75086-0258. Issuance of a Citation **IS NOT** requested at

this time. Service of process is by private process server.

FILED '03 MAY -1 PM 2: 55

**Plaintiff's First Amended Petition**


HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____DEPUTY

**Page 1**

4. Defendant William Peterson is, and at all times relevant herein was, an individual employed by the City of Plano Fire Department as the Fire Chief. Service of process may be had through the City Secretary, with a mailing address of P.O. Box 860358, Plano, Texas, 75086-0258. . Issuance of Citation and Service of the same **IS** requested at this time. Service of process is by private process server.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this Court.

6. This Court has jurisdiction over the parties as all are Texas citizens.

7. Venue in Collin County is proper in this cause under Section 15.002(a) (1) of the Texas Civil Practices and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this County.

## FACTS

8. Mr. Gorman was employed by Defendant City of Plano on or about March, 1999, as Fire Marshall in the Plano Fire Department. Mr. Gorman was hired based upon his competitive testing and satisfaction of stated employment criteria.

9. Prior to Mr. Gorman's hiring, the City of Plano adopted a civil service system for the City fire fighters as permitted under Chapter 143, Texas Local Government Code. A fire fighter in a municipality that has adopted a civil service system is protected by the same civil service system. The stated purpose of the civil Service Act is: "to secure efficient fire ... departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." TEX. LOCAL GOV'T CODE ANN. § 143.001 (Vernon 1999). Based upon

**Plaintiff's First Amended Petition** **Page 2**

information and belief, the mechanism by which the civil service system was enacted has never been rescinded or repealed.

10. On or about March 12 and 13, 2001, The Texas Commission on Fire Protection conducted a compliance inspection of the Plano Fire Department. Among the issues identified for correction, was one stating that Mr. Gorman was not certified to occupy the position as Fire Marshall. As a result of this inspection report, the Fire Chief, William Peterson, summarily terminated Mr. Gorman. Upon appeal to the City Manager, Thomas Muehlenbeck, the termination was upheld despite testimony by Mr. Gorman that the termination was of a retaliatory nature and supported by published statements by the Fire Chief.

11. At the appeal with the City Manager, the issue was raised of Mr. Gorman's being entitled to civil service protection. Mr. Gorman was informed that there would be no appeal to a civil service board, and that the City Manager's decision would be final. This position was reiterated in writing upon Mr. Gorman's written request to appeal the City Manager's decision to the civil service board.

12. Upon information and belief, Mr. Gorman was entitled to civil service benefits and protection. Further, Mr. Gorman will establish that his summary termination was motivated by the personal rancor of the Fire Chief, William Peterson, as arbitrary and capricious, and retaliatory for Mr. Gorman's equitable and fair enforcement of state and local fire codes and regulations.

13. Mr. Gorman will also establish that the failure to ensure compliance with State and Local certifications was due to the failure of the Fire Chief's administrative staff to comply with internal procedures and policies, resulting in not only Mr. Gorman, but approximately nine other Plano Fire Department personnel's certification not being properly documented for the positions held and not in compliance at the time of the inspection.

14. The actions by the Fire Chief and City Manager, acting in concert, served to deny Mr. Gorman his Constitutional rights to substantive and procedural due process, and other rights as provided by law.

15. As a result of his summary termination, Mr. Gorman's professional reputation has been severely tarnished, his qualifications questioned, and he continues to be harmed. He has suffered humiliation, mental anguish and extreme emotional distress. Mr. Gorman has been denied opportunities for comparable employment within the United States. He was subsequently forced to accept employment abroad, at great personal risk and suffering the loss of familial ties in the process.

**FIRST CAUSE OF ACTION**

**Against the City of Plano and William Peterson**

**Denial of Due Process and Equal Protection.**

16. Mr. Gorman incorporates by reference all factual allegations of paragraphs 8 through 15 above as though fully set forth at length herein.

17. Defendants City of Plano and William Peterson failed to adhere to Chapter 143 of the Texas Local Government Code to the detriment of Mr. Gorman. Specifically, Mr. Gorman was denied the protection of civil service benefits due to the City of Plano civilianizing the position of Fire Marshall has some point in time in the past.

18. Due to the Defendants' nonfeasance or malfeasance, Mr. Gorman suffered pecuniary damages, in the difference in rates of pay between what he should have made as a civil service employee and realized as a civilian, and in the loss of his employment with the Plano Fire Department.

19. Due to the failure to of Defendants to adhere to Texas law; Mr. Gorman has been denied due process and equal protection under the law in the termination of his employment, without just cause.

**Plaintiff's First Amended Petition**                                    **Page 4**

## SECOND CAUSE OF ACTION

### Against William Peterson

### Retaliation

20.  Mr. Gorman re-alleges and incorporates herein by reference the allegations contained in paragraphs 8 through 19 as though fully set forth at length herein.

21.  Upon information and belief, Mr. Gorman loss of employment was a result of Defendant William Peterson's conscious decision to retaliate for several events which occurred in the preceding year.  One of these events was included in an article written by Defendant William Peterson, reflecting improper use of his authority over Mr. Gorman to obtain a permit for his personal residence.  Defendant William Peterson's actions were motivated by other than professional concerns for the Plano Fire Department and for the citizens of Plano; and as a result, Mr. Gorman suffered pecuniary damages, mental anguish, and emotional distress.

## THIRD CAUSE OF ACTION

### Against the City of Plano and William Peterson

### Negligent Supervision

22.  Mr. Gorman repeats and re-alleges by reference each and every allegation contained in Paragraphs 8 through 21 and incorporates the same herein as though fully set forth.

23. Defendant William Peterson contends as part of his basis for terminating that Mr. Gorman, that he had not complied with any certification requirements as may have been required.  To the extent that there was an obligation to be further certified, any such failure is that of Defendants, in failing to ensure City of Plano employees observed City policies and procedures in ensuring fire fighters and Fire Department civilian employees training requirements are identified, timely notice of requirement

compliance provided, and certifications or other qualifications maintained according to City and State requirements.  As a result of Defendants' ineptness, negligence, and nonfeasance over a two year period, Mr. Gorman was not notified of the existence of supposedly job essential requirements, and has suffered damages.

24. To the extent Mr. Gorman was required to be certified or achieve certain qualifications within a stated time, the City of Plano failed to follow its own policies and procedures and inform Mr. Gorman of those requirements.  As a matter of equity, Mr. Gorman asserts the affirmative defense of waiver, laches, and estoppel.

### FOURTH CAUSE OF ACTION

### <u>Against William Peterson</u>

### Exemplary Damages

25.  Mr. Gorman repeats and re-alleges by reference each and every allegation contained in Paragraphs 8 through 24 and incorporates the same herein as though fully set forth.

26. Defendant William Peterson's failure to adequately supervise his administrative staff manifests gross negligence and posed a risk of harm to the firefighters under his control, as well as the residents of Plano served by the Fire Department.  Further, Defendant William Peterson retaliated against Mr. Gorman for impartially performing his duties under law by terminating Mr. Gorman from his employment as Fire Marshall, and the termination by Defendant William Peterson was done with malice, as defined in TEX. CIV. PRAC. & REM. CODE §41.001.  As noted in *Burleson State Bank v Plunkett*, 27 S.W.3d 605 (Tex.App.—Waco 2000, pet. denied), malice may be inferred from a wrongful act done intentionally in violation of {a party's] rights.  *Id.*, at 618.

27. Mr. Gorman asks that a jury of his peers find exemplary damages appropriate against Defendant

**Plaintiff's First Amended Petition**                                                                          **Page 6**

William Peterson

## REQUEST FOR TRIAL BY JURY

28.  Plaintiff requests that this matter be set for trial by jury at a future date, permitting discovery to be completed in a reasonable time frame, but no sooner than 15 (fifteen) months from the date of filing of this Original Petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered in his favor, and that he be awarded damages Defendants as follows:

    a.      General and compensatory damages, including pre- and post-judgment interest, in an amount according to proof at trial;

    b.      Compensation for humiliation, mental anguish and emotional distress;

    c.      Compensation for his disparagement and loss of professional standings in the community;

    d.      Past and future lost earnings;

    e.      Exemplary damages in an amount according to proof at trial;

    f.      Reasonable attorney's fees and costs of suit; and that

    g.      He be awarded such other and further relief as the Court deems just and proper.

Plaintiff further prays for such other and further relief, at law or in equity, to which he may be justly entitled or as may be proper.

David D. Davis
State Bar No. 00790568

Attorney for Plaintiff

DIPPEL & DAVIS, PLLC
12201 Merit Dr., Ste. 230
Dallas, Texas 75251
972.866.9900 (voice)
972.866.9902 (telecopier)

# DIPPEL & DAVIS, PLLC
### ATTORNEYS AND COUNSELORS AT LAW

WILLIAM KENNETH C. DIPPEL
BOARD CERTIFIED - PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

DAVID D. DAVIS

12201 MERIT DRIVE
SUITE 230
DALLAS, TEXAS 75251
PHONE: 972.866.9900
FAX:    972.866.9902

April 30, 2003

Collin County District Clerk
Collin County Government Center-Courthouse
210 S. McDonald
McKinney, Texas 75069

   RE: *Civil Action No.: 219-01129-03*
     *Joseph A. Gorman vs. City Of Plano and William Peterson*

Dear Clerk:

  Enclosed please find the original and (3) copies of Plaintiff's First Amended Petition for filing. The firm's check, in the amount of $8.00, is enclosed to satisfy the issuance of one citation to the Defendant, William Peterson. I have also enclosed a copy of Plaintiff's Original Petition to be attached to William Peterson's citation.

  Please return the three (3) copies of the amended petition with the courts file-stamp, along with the one citation for William Peterson. I have enclosed a self-addressed, stamped envelope for that purpose. Do not hesitate to call me directly, if you have any questions.

  Thank you for your kind assistance.

      Sincerely,

      Lea Singleton
      Legal Assistant to David Davis

Enclosures

**FILED**

2003 MAY -1 PM 2: 55

HANNAH

CAUSE NO. 219-01129-03

| | | |
|---|---|---|
| JOSEPH A. GORMAN | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| VS. | § | 219th JUDICIAL DISTRICT |
| CITY OF PLANO, ET AL | § | |
| DEFENDANTS | § | COLLIN COUNTY, TEXAS |

AFFIDAVIT

STATE OF TEXAS    §

BEFORE ME, the undersigned authority, on this day personally appeared Elliot R. Bailey, who after being duly sworn, did upon oath state: I have personal knowledge of the facts and statements in this affidavit and each is true and correct.

"I am not less than 18 years of age;
I am not interested in the outcome of this lawsuit or a party to the suit;
I have not been convicted of a felony or misdemeanor involving moral turpitude;
I am familiar with the Texas Rules of Court and the Rules of Civil Procedure regarding service of process."

SIGNED this   6th   day of _____ May _____ , 2003.

_Elliot R. Bailey_
Elliot R. Bailey - Affiant

SUBSCRIBED AND SWORN TO BEFORE ME this 6th day of _____ May _____ ,2003, to certify which witness my hand and official seal.

[SEAL]

SUSAN TAPLIN
MY COMMISSION EXPIRES
July 27, 2005

_Susan Taplin_
NOTARY PUBLIC IN AND FOR
THE STATE OF MISSOURI

FILED

03 MAY -7 AM 9: 23

DISTRICT CLERK
COLLIN COUNTY

AFFIDAVIT SOLO PAGE

CAUSE NO. 219-01129-03

| | | |
|---|---|---|
| JOSEPH A. GORMAN | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| VS. | § | 219th JUDICIAL DISTRICT |
| CITY OF PLANO, ET AL | § | |
| DEFENDANTS | § | COLLIN COUNTY, TEXAS |

## ORDER AUTHORIZING PRIVATE PROCESS SERVICE
## UNDER RULE 103, TRCP

On the **7** day of **May**_____, 2003, came the Plaintiff, Joseph A. Gorman, requesting that Elliot R. Bailey, who is associated with Elliot R. Bailey & Associates, whose address is 14041 Preston Road, Suite 1604E, Dallas, Texas 75254, whose phone number is 972-701-9829, be authorized to execute all process in connection with the above captioned cause.

The court specifically finds that Elliot R. Bailey is not less than eighteen years of age, not interested in the outcome of this suit or a party to this suit.

It is, therefore, ORDERED, ADJUDGED, AND DECREED that Elliot R. Bailey associated with Elliot R. Bailey & Associates be and hearby is authorized to serve all process in connection with the above captioned cause and to make due return thereof.

SIGNED this the **7** day of **May**_____, 2003.

_____
Judge Presiding

0177        1451

FILE NO. _219-01129-03_

# CITATION
## FOR PERSONAL SERVICE
### (District Court)

IN THE _219_ DISTRICT COURT
COLLIN COUNTY TEXAS

JOSEPH A GORMAN

VS.

CITY OF PLANO AND WILLIAM
PETERSON

ISSUED THIS
_2ND_ DAY OF _MAY_, 2003

BY: _MINDI JOHNS_ _____ Deputy

HANNAH KUNKLE

**SERVICE FILED**

FILED

'03 MAY 13  AM 11: 03

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY. TEXAS
_____ DEPUTY

The law prohibits the judge and
the clerks from giving legal
advice so, PLEASE DO NOT SEEK
SUCH ADVICE.
ANY QUESTIONS YOU HAVE SHOULD BE
DIRECTED TO AN ATTORNEY.

SERVICE FEES NOT COLLECTED BY
DISTRICT CLERK'S OFFICE

---

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT** 'You have been sued. You may employ an attorney. If you or
your attorney do not file a written answer with the clerk who issued this citation by
10:00 a.m. on the Monday next following this expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.'

TO: WILLIAM PETERSON BY SERVING CITY SECRETARY
P.O. BOX 860358
PLANO, TX 75086

You are hereby commanded to appear by filing a written answer to Plaintiff's
FIRST AMENDED ORIGINAL                 Petition at or before ten o'clock A.M. on the
Monday next after the expiration of twenty days after the date of service of this
citation before the Honorable District Court _219_ th Judicial District of Collin
County, Texas at the Courthouse of said County in McKinney, Texas.

'said Plaintiff's Petition was filed in said court, by DAVID DAVIS
                              (attorney for Plaintiff or Plaintiff), whose
address is 12201 MERIT DRIVE, STE.230, DALLAS, TX  75251 0000    (972)866-9900
on the _1ST_ day of _MAY_         A.D. 2003 , in this case, numbered 219-01129-03
on the docket of said court, and styled,

JOSEPH A GORMAN
                                                                    Plaintiff

VS.

CITY OF PLANO AND WILLIAM PETERSON
                                                                    Defendant

The natures of Plaintiff's demand is fully shown by a true and correct copy of
Plaintiff's FIRST AMENDED ORIGINAL            Petition accompanying this citation
and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements
of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at McKinney, Texas, this _2ND_
day of _MAY_         A.D. 2003 .

Attest:
HANNAH KUNKLE
CLERK, DISTRICT COURTS
COLLIN COUNTY, TEXAS

BY: _____ ,Deputy

(SEAL)

CLERK OF THE COURT
DISTRICT COURT
P.O. BOX 578
COLLIN COUNTY COURTHOUSE
McKINNEY, TEXAS  75069

Rule 106, 'the citation shall be served by the officer delivering to each defendant,
in person, a true copy of the citation with the date of delivery endorsed thereon and
with a copy of the petition attached thereto.'

219-01129-03

185 - K8 - DC

# SHERIFF'S RETURN

Came to hand on the ___6___ day of ___MAY___, 20_03_, at _5:00_ o'clock _P_. M., and executed in ___COLLIN___ County, Texas, by delivering to the within named Respondent/Defendant, to-wit:

___WILLIAM PETERSON AT 1901 K AVENUE, PLANO,___ , at _10:11_ o'clock_A_. M., ___MAY 7___ , 20_03_ ;
___TEXAS 75074___

_____ , at _____ o'clock____M.,_____ , 20 ____ ;

_____ , at _____ o'clock____M.,_____ , 20____ ;

_____ , at _____ o'clock____M.,_____ , 20____ ;

_____ , at _____ o'clock____M.,_____ , 20____ ;

each, in person, a true copy of this instrument with a true and correct copy of the document attached thereto having first endorsed on such copy of said instrument the date of delivery.

The distance actually traveled by me in serving such process was _____----_ miles, and my fees are as follows:

For service....................$ _70.00_

For mileage...................$ _----_

Total Fees...............$ _70.00_

To certify which witness my hand officially.

ELLIOT R. BAILEY & ASSOCIATES
14041 PRESTON RD., STE. 1604E, DALLAS, TEXAS 75254

~~Sheriff/Constable~~ of ___DALLAS___ County, Texas

By ___[signature]___ , ~~Deputy~~
ELLIOT R. BAILEY (AUTHORIZED PERSON)

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to ___WILLIAM PETERSON___

_____on the __7__ day of ___MAY___ , 20_03_ ,

at _10:11_ o'clock _A_. M., a copy of this instrument.

___ELLIOT R. BAILEY___ ~~Sheriff/Constable~~

___DALLAS___ County, Texas

By ___[signature]___ , ~~Deputy~~
ELLIOT R. BAILEY(AUTHORIZED PERSON)

### VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, this _10_ day of
_____ , 20_03_ .
     MAY

_____

FILE NO.  219-01129-03

# CITATION
# FOR PERSONAL SERVICE
## (District Court)

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT** 'You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following this expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.'

TO: CITY OF PLANO BY SERVING THE CITY SECRETARY
P O BOX 860358
PLANO, TX  75086-0258                    Defendant, Greetings:

You are hereby commanded to appear by filing a written answer to Plaintiff's ORIGINAL_____ Petition at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court 219 th Judicial District of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by DAVID DAVIS
_____ (attorney for Plaintiff or Plaintiff), whose address is 12201 MERIT DRIVE, STE.230, DALLAS, TX  75251 0000  (972)866-9900, on the 21ST day of APRIL  , A.D. 2003 , in this case, numbered 219-01129-03 on the docket of said court, and styled,

JOSEPH A GORMAN                                          Plaintiff___

VS.

CITY OF PLANO AND WILLIAM PETERSON                       Defendant___

The natures of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL_____ Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at McKinney, Texas, this 21ST day of APRIL      A.D. 2003 .

ERK OF THE COURT                    HANNAH KUNKLE
DISTRICT CLERK          Attest:     CLERK, DISTRICT COURTS
P.O. BOX 578                        COLLIN COUNTY, TEXAS
COLLIN COUNTY COURTHOUSE
MCKINNEY, TEXAS  75069

(SEAL)                              BY: _George Evans_____

Rule 106: '- the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto.'

---

IN THE 219  DISTRICT COURT
COLLIN COUNTY TEXAS

JOSEPH A GORMAN

VS.

CITY OF PLANO AND WILLIAM
PETERSON

ISSUED THIS
21ST DAY OF APRIL, 2003

HANNAH KUNKLE

By: TERRYE EVANS        Deputy

SERVICE FILED
2003 MAY 13
SERVICE FEES NOT COLLECTED
DISTRICT CLERK'S OFFICE
COLLIN COUNTY, TEXAS
HANNAH KUNKLE
DISTRICT CLERK
BY_____

The law prohibits the Judge and the clerks from giving legal advice so, PLEASE DO NOT SEEK SUCH ADVICE.
ANY QUESTIONS YOU HAVE SHOULD BE DIRECTED TO AN ATTORNEY.

# ELLIOT R. BAILEY & ASSOCIATES

Phone: 972-701-9829          14041 Preston Rd., Ste.1604E, Dallas Texas 75254          Fax: 972-385-1234
Notary                                                                                Bonded

May 10, 2003

Hannah Kunkle
Collin County District Clerk
P.O. Box 578
Collin County Courthouse
McKinney, Texas 75069

     Re: *Joseph A. Gorman Vs. City of Plano and William Peterson*
     Cause Number *219-01129-03*

Attn: District Clerk

Enclosed you will find two (2) original returns of service with copies in the above-referenced cause of action.

Please file mark the copies and return them in the addressed envelope I have enclosed for your convenience.

I wish to thank you very much for your time and effort in this matter.

Respectfully Yours,

*Elliot R. Bailey*

Elliot R. Bailey

FILED

2003 MAY 13  AM 11: 03

HANNAH KUNKLE
DISTRICT CLERK
COLLIN COUNTY, TEXAS

BY _____ DEPUTY